PLACK ET UX. *v.* WEBER ET UX.
[No. 149, October Term, 1947.]

432

*Decided April 23, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Chester A. Albrecht* for the appellants.

*C. Arthur Eby* for the appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court No. 2 of Baltimore City for the specific performance of a contract to sell an unimproved lot of ground situate at the southwest corner of Harford Road and Harview Avenue. The property lies in what is now a First Commercial Use Zone, under the Zoning Ordinance of Baltimore City, and it is a condition of the contract that the property be used for commercial purposes within the limits permitted by the Zoning Ordinance. However, the lot in question was restricted to residential use by the appellees' deed and an agreement of record to which it refers, dated July 2, 1940. This agreement provided that the commercial use of this and other adjacent property should be permitted only after obtaining the written con-

sent of Hillendale Homes, Inc., the developer of this tract, or its successor or successors, and "the person who may then be the Maryland State Director of the Federal Housing Administration". The agreement further provided: "Such consent, however, shall not be requisite if the Hillendale Homes, Inc., its successor or successors, no longer has a corporate existence * * *." Hillendale Homes, Inc. was legally dissolved on November 30, 1943, in a proceeding before the State Tax Commission under section 96, Art. 23 of the Code. By recorded instrument dated September 5, 1947, the Maryland Director of the Federal Housing Administration purported to cancel the restriction.

The appellees contend (1) that the restriction was duly cancelled in accordance with the terms of the agreement and (2) that in any event a change in conditions as to the property in question and the surrounding property has removed the reason for the restriction and it is therefore no longer existent.

We think the decree can be sustained upon either ground. Dissolution by the statutory method indicated terminates "corporate existence" for most purposes, although certain rights and duties may devolve upon the directors as trustees. We hold that the dissolution obviated the necessity of consent by the developer, within the meaning of the agreement. Reservations of power by a developer to revoke restrictions are not unusual and are construed strictly against those seeking to enforce them. *Matthews v. Kernewood, Inc.*, 184 Md. 297, 307, 40 A. 2d 522. We also hold that the findings of fact by the Chancellor, supported by the evidence in the case, showed a change of conditions within the rule laid down in the cases of *Gulf Oil Corporation v. Levy*, 181 Md. 488, 30 A. 2d 740, *Talles v. Rifman*, 189 Md. 10, 53 A. 2d 396, and *Norris v. Williams*, 189 Md. 73, 54 A. 2d 331. We see no occasion to set out these findings in detail.

*Decree affirmed, with costs.*